[Daniel v. Collins & Co.]

# Daniel v. Collins & Co.

*Bill in Equity for specific Performance of Contract.*

1. *Homestead exemption; what must be averred.*—Actual occupancy by a resident of this State being necessary to confer the right of homestead exemption, a party seeking to enforce such right should aver such occupancy.

2. *Averments and proof necessary in specific performance.*—In suits for specific performance of contracts, great accuracy of averment, and strict, corresponding proof are required.

3: *Same; when not granted.*—Courts will never grant specific performance of an unconscionable bargain, or where the decree will work undue oppression to the defendant, or where the proof of right is not clear.

4. *Irreconcilable testimony; effect of corroboration of defendant.*—Where the testimony is wholly irreconcilable, and the only witness who is entirely disinterested by interest or blood, with the matters in dispute, corroborates the defendant's version of the contract, (as in this case,) too much distrust will be generated of plaintiff's equities to authorize the relief he seeks.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. H. AUSTILL.

This was a bill filed by John Daniel, appellant, against N. Collins and J. M. Fleming, merchants doing business under the firm name of N. Collins & Co., praying a specific performance of a contract between them, for the purchase of certain lands. The averment of the bill setting out the contract is, briefly, as follows: "That a short time before the sitting of the Chancery Court of Pike county, December term, 1873, complainant was indebted to defendants about five hundred dollars, due for goods, wares and merchandise, and a heavy usurious interest; and defendants, seeing that there was a suit against complainant for the purchase-money of said lands (referring to a bill in chancery filed by one Curtis Ray, to. recover balance due as transferree of purchase-money notes, and to enforce vendor's lien against present complainant, under the purchase of complainant, from one Goolsberry Ray, of a certain tract of land), sent word to complainant that if he would deed them three hundred acres of land they would pay off the purchase-money notes, deliver them to the complainant and take the case out of court. Complainant went to see defendants, and met with the senior partner of the firm, with whom he agreed to deed to the said N. Collins & Co. three hundred and sixty acres of said land,

(41)

[Daniel v. Collins & Co.]

as described in Ray's deed, and to retain the other one hundred and twenty acres, which was to be freed from all incumbrance by said firm. Said defendants were to satisfy whatever decree Ray might obtain, and release complainant's indebtedness to said firm, amounting to about $1,500, and defendants were to execute a bond for title back to complainant for said land upon complainant executing his note to them for $1,500." The defendants allege and seek to prove that complainant was to deed them all the land, being 479 acres, instead of 360—the number actually conveyed. Hence the only difference between the parties, as to the facts, is the quantity of land to be conveyed. The evidence upon the issue drawn is sufficiently stated and commented upon in the opinion.

Upon a consideration of the facts and evidence, the chancellor concluded that complainant agreed to deed the whole Ray tract, and that such was the agreement of defendants; whereupon he dismissed the bill, holding that complainant was not entitled to relief. The decree is now assigned as error.

N. W. GRIFFIN, for appellant.—1. All that complainant is required to do, under the contract, is evidenced by the deed conveying the 360 acres of land, and his note for $1,500, and the deed is the highest evidence of the quantity of land to be conveyed, and it cannot be changed by parol proof. It is true there are some cases allowing parol evidence to explain written contracts, but they are exceptional cases, unlike the present.—See *Smith v. Hogan*, 16 Ala. 600; *Steamboat v. Boon & Co.* 41 Ala. 50.

2. The defendants say there was fraud in leaving out the 120 acres from the deed. Such charge cannot be sustained where the matter is open to the inspection of both contracting parties, who are on an equal footing.—See *Camp v. Camp*, 2 Ala.; 2 Kent's Com. 484; 1 Story Eq. 191. Of course the defendants did, and were supposed to acquiesce in the recitals of the deed.—See 47 Ala. 214; 28 Ala. 382.

3. The authorities say relief will be granted in cases of written instruments only where there is a plain mistake, clearly made out, of satisfactory proof. "And it forbids relief whenever the evidence is loose, equivocal, or contradictory, or is, in its texture, open to doubt, or opposing presumptions."—See 1 Story Eq. Jurisp. § 157; *Lockhart v. Cameron*, 29 Ala. 361. Now, is there not room for "opposing presumptions" in this case? &c., &c.

[Daniel v. Collins & Co.]

W. D. Wood, *contra*.—1. The chancellor bases his decree upon the disinterested testimony of Hubbard, the other evidence being conflicting. This was proper, and he should be sustained.—See *Harkins et al. v. Bailey et al.* 48 Ala. 376.

2. The rule is, that if there be a variance between a contract sought to be performed and the one proven, the bill must fail.—*Aday v. Echols, Adm'r*, 18 Ala. 353. The proof must not leave the contract, or any of its terms in doubt. 2 Story, § 764; *Goodwyn v. Ligon*, 4 Port. (Ala.) 297; 1 Ala. 458.

3. The contract set up and proven by defendants is materially different from the one set up by the bill.—See *Sims v. McEwen's Administrator*, 27 Ala. 184, 4th head note.

4. The statute of frauds will not avail complainant as to the parol contract, for that would permit him to take advantage of his own wrong, and of his own fraud also, in the execution of the deed.

STONE, J.—1. The bill avers, that when Daniel purchased the lands in controversy—1868—Ray put him in possession. Speaking of the one hundred and twenty acres which Daniel claims was rightly left out of the conveyance to Collins & Co., the language of the bill (section 8) is as follows: "Orator avers that these lands are all that is left, free from incumbrance, which he desires to retain as a homestead for himself and family." The above comprises all that is averred in the bill, tending in the remotest degree to show that the lands in controversy are, or ever were, the homestead of complainant, Daniel; and the proof is still less satisfactory on this point. It is no where said, or even intimated, that the homestead is on the lands claimed by Daniel, or even on any part of the tract purchased from Ray. Failing, as the bill does, to aver that the lands sought to be recovered by Daniel were, or ever had been, occupied by him, no question of homestead is raised by this record.—See *Miller v. Marx*, 55 Ala. 322.

2. The present bill is for a specific performance of an alleged agreement. In such suits, great accuracy of averment, and strict, corresponding proof are required. Loose and inaccurate pleading, or variant or merely persuasive testimony, is alike fatal to the relief prayed. The complainant's case must be clearly made out in harmonious pleading and proof, to entitle him to a decree.—1 Brick. Dig. 692, §§ 768, 769; *ib.* 695, §§ 801, 804, 805.

3. And so it is said, with some inaccuracy of expression,

[Lewis v. Allred and Wife.]

that it is discretionary with the court whether it will, in any case, enforce specific performance. Perhaps a better definition of the rule is, that the court will never grant this relief, in enforcement of an unconscionable bargain, or where the decree will work undue oppression to the defendant, or where the proof of right is not clear. Courts, in such cases, will not grope their way, on inconclusive probabilities.—1 Brick. Dig. 692, §§ 758, 759, 760; ib. 69, §§ 775, 776, 777, 778; 1 Sto. Eq. Ju. § 742, et seq.; Lead. Cases in Eng. 4th Amer. from 4th London ed. 931, 944, 950–8, 971, 978, 1011.

4. In the present record there are incompatibilities of averment as to the numbers of the land, which are themselves embarrassing. This, however, may have arisen from errors in copying, and we place our decision on another ground. The testimony is wholly irreconcilable. One witness, Hubbard, gives a very clear and reasonable version of the transaction, and fully sustains the two defendants in their testimony. He is the only witness examined who is entirely disinterested, and disconnected by interest or blood with the matter in dispute. We concur with the chancellor in holding that his testimony generates too much distrust of the equity of complainant's claim, to justify a decree in his favor.

Decree of the chancellor affirmed.