## Cox *v.* Cox *et al.*

### Specific Performance.

1. *In an application for the specific performance of a contract, it should be distinctly averred.*—To sustain a decree of specific performance, the contract sought to be enforced must be clearly and distinctly averred; its terms must be definite and unequivocal, and the proof in support of it clear and unambiguous.

2. *A specific performance will not be decreed unless the consideration of the contract clearly appears.*—Specific performance will not be decreed on averment that land was purchased by complainant and father-in-law for the benefit of complainant and wife, when it does not appear what was the consideration of the promise, or that the purchase was joint as alleged.

3. *A stranger's willingness to pay the vendor to induce him to accept the vendee's offer, gives him no interest in the land.*—The fact that a stranger, knowing that another person intended to purchase land, agreed with the vendor to pay something himself, if the vendor would sell at the price the purchaser was willing to give, does not constitute the stranger a purchaser of the land or give him any interest therein.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. B. B. McCRAW.

The record shows that in 1864 Thomas J. Cox and Emma O. Nuckolls intermarried. In 1867 Nathaniel A. Nuckolls, the father of Mrs. Emma O. Cox, purchased land, situated in Etowah county, of one J. E. Berry, and paid him, on the delivery of the deed of conveyance, the sum of six thousand dollars. This was the purchase money. Thomas J. Cox, as an inducement to Berry to sell the land for this price, executed his promissory note for one thous-

and dollars, payable to Berry twelve months after date. This note was not given for any part of the purchase money, and was never paid by Cox, but it was settled by Mrs. Cox after her divorce. The vendor made a deed of conveyance of the land in fee simple to Nathaniel A. Nuckolls. By his permission, Cox and his wife entered upon and occupied the land. During this occupation he made some improvements, but also committed waste. Subsequently the said Nathaniel A. Nuckolls made a will, and devised the land, lying in Etowah county, to his sons, Thomas J. and Nathaniel A. Nuckolls, in trust for the benefit of his daughter, Emma O. Cox. The testator died in 1868. At the January term, 1873, of the Chancery Court of Etowah county, Mrs. Emma O. Cox obtained a decree of divorce, *a vinculo matrimonii*, from Thomas J. Cox ; and on the 24th day of March, 1873, the said Cox filed a bill of complaint in the Chancery Court of Etowah county against Emma O. Cox and her trustees, Thomas J. Nuckolls and Nathaniel A. Nuckolls. The complainant prayed that upon the final hearing of the cause "an account might be taken of the amount of money he had invested in permanent improvements on the said plantation ; and also the value of complainant's services during the time he devoted to said improvements on said farm, &c., and all the several amounts of money and value of labor charged in his bill, together with the one thousand dollars for which complainant gave his note to the said Berry, with the interest thereon, be made a charge on the said land; and that the· complainant be decreed an equal interest in said land, and entitled to an equal amount of the rents, and that an account be taken by the register to ascertain the value of said lands and rents."

After due consideration of all matters contained in the· pleadings and proof, the chancellor dismissed the bill of the complainant for want of equity.

WATTS & WATTS for appellants.

FOSTER & FORNEY for appellee.—1. At the time of the purchase of the land, T. J. Cox took no estate, legal or equitable. The note made by Cox as an inducement to Berry to sell the land to Nuckolls, gave Cox no beneficial interest in it. If he had any, after Emma O. Cox became a *feme sole* by divorce, and paid the note, she was subrogated to all rights he could, by any possibility, have had.—Clancy, Husband and Wife, 611–12.

[Cox v. Cox et al.]

2. No resulting trust in the land would arise in favor of Cox if, subsequent to the purchase, he paid the note or invested money in improvements on it, because resulting trust must arise at the time of the conveyance.—Willard's Eq. 600; 3 Paige, 390; 2 Johns. 409. In establishing a resulting trust, parol testimony must be received with great caution.—2 vol. Sedg. on Vendors, 393–5 (M. P.) 909–10.

3. The estate of Mrs. Cox in the land is not statutory, but created by the will of Nuckolls, her father.—44 Ala. 341. Consequently the husband is bound to account to the wife for the rents and profits.—Clancy, 351. And no matter how great the separate estate of the wife, the husband must support the family.—1 Hill Ch. Rep. 234.

4. The improvements made by Cox on the land was in the nature of a gift to his wife. If this was done for the purpose of defrauding his creditors, they might subject the property, or its profits, to these debts, but the husband can not.—11 Ala. 386; 2 vol. Sedg. Vend. 402, §§ 38, 39; 17 Ves'sr, 264, 272.

BRICKELL, C. J.—The bill is filed to enforce the specific performance of a verbal contract concerning lands. To support the bill, the contract must be clearly and distinctly averred, and must appear to be definite and unequivocal in all its terms; and if it is not admitted, the proofs of it must be clear and convincing. If the terms of the contract are uncertain, or ambiguous, or not made out by satisfactory proofs, a specific performance can not be decreed. "The reason," says Judge STORY, "would seem obvious enough; for a court of equity ought not to act upon conjecture; and one of the most important objects of the statute of frauds was, to prevent the introduction of loose and indeterminate proofs of what ought to be established by solemn written contracts."—1 Story's Eq. § 764. The principle has often been asserted in this court, that to entitle a complainant to a specific performance, the contract must be distinctly alleged, and established by clear and definite testimony. If the proofs fail to establish the contract as pleaded, a specific performance can not be decreed.—*Goodwyn v. Lyon*, 4 Port. 297; *Ellis v. Burden*, 1 Ala. 458; *Aday v. Echols*, 18 Ala. 353.

The averment of the bill is that the purchase of the lands was made by the complainant and Nuckolls his father-in-law jointly, and was intended as a joint purchase for the benefit of the complainant and his wife, who were *to be equally inter-*

(39)

*ested in said lands.* What consideration there was to support the promise of Nuckolls, to whom the lands were to be conveyed, that the purchase should enure to the equal interest of the complainant and his wife, is not averred. Nor does it appear from the evidence that the purchase was joint as averred, or that there was any consideration for the promise of Nuckolls, if any was made. True, the complainant gave his note to Berry from whom Nuckolls purchased, for one thousand dollars, in addition to the purchase-money paid by Nuckolls. This was voluntary on his part, without the request or approbation of Nuckolls, to induce Berry to sell at the price Nuckolls was willing to pay. It was not part of the purchase-money of the lands, and if it had been paid by the complainant, there would be no ground on which he could claim an interest in the lands, or an equity to charge them. But it has not been paid, and so far as he is concerned the note has been paid by the appellee, Emma O., by taking it up, and substituting for it her own note with surety. There was no ground on which the complainant was entitled to a decree declaring that he had an interest in the lands.

It is contended that though the complainant may not have been entitled to a specific performance, he was entitled to a decree for compensation for improvements made upon the lands. Courts of equity will decree compensation for improvements made by a purchaser taking possession under an oral contract which the vendor refuses to perform.—*Parkhouse v. Van Cortlandt*, 1 Johns. Ch. 131. In *Evans v. Battle*, 19 Ala. 398, it was held, that when a voluntary donee, has taken possession of lands under a parol gift, and made valuable improvements, a court of equity will not permit the vendor to reclaim possession without making compensation to the donee. In either case, the contract or gift must be averred or proved. Neither the pleadings nor proofs show a contract or a gift.

Let the decree be affirmed.