# Brown *v.* Weaver, Adm'r.

*Bill in Equity for Specific Performance of Contract for Sale of Land.*

1. *Specific performance; allegations and proof.*—In suits for the specific performance of parol contracts respecting the sale of land, the contract must be alleged distinctly, definitely and precisely; the evidence must satisfactorily establish the particular agreement as alleged, leaving no material term in doubt or uncertainty, and the acts of part performance relied on to take the case out of the operation of the statute of frauds must be averred with accuracy and be referable to the particular contract sought to be enforced; and where the evidence fails to show when the contract was made, the terms of sale, and when the purchase money was to be paid, a court of equity will decline to enforce the contract.

2. *Same; same; facts of this case.*—On a bill filed to enforce the specific performance of a parol contract for the sale of land, the complainant averred that he bought the lot at a certain price, paying a part of the purchase money. There was no memorandum of the transaction. The lot alleged to have been purchased was a corner of a large tract which was vacant, and in no way separated from such tract by any fence or boundary. Though there was evidence that the vendor admitted the sale at the price named and the receipt of a portion of the money, there was no evidence as to when the sale was made, the terms of sale, or when the purchase price was, by the terms of the contract, to be paid, and nothing to identify the lot claimed as the one sold: *Held,* that the evidence was insufficient to entitle the complainant to the relief prayed for.

[Brown v. Weaver, Adm'r.]

3.  *Same; evidence as to transactions with deceased persons, admissible.*—On a bill filed against the administrator and heirs of a deceased person for the specific performance of an oral contract for the sale of land, alleged to have been made with the decedent, the complainant can not testify as to the purchase and his payment of a part of the purchase price, and as to having been put in possession of the land by the decedent; since such evidence relates to transactions with a deceased person, and is, therefore, under the statute, (Code of 1886, § 2765), inadmissible.

4.  *Same; when evidence as to value of the land purchased relevant.*—In a suit for the specific performance of a contract for the sale of land, where the terms of the contract are disputed, evidence of the value of the land is relevant and admissible.

5.  *Same; inadmissible testimony.*—On a bill filed against an administrator and heirs of a deceased person for the specific performance of a parol contract for the sale of land alleged to have been made by the decedent, testimony that the deceased was a religious woman and a member of the Methodist church, is incompetent and inadmissible; but the admission of such testimony is error without injury, when it appears that the same conclusion would necessarily have been reached, whether such evidence was excluded or not.

6.  *Chancery practice; granting rehearing within the discretion of the court.*—The granting of a rehearing in a court of equity is within the discretion of the chancellor; and the exercise of this discretion is not revisable on appeal.

APPEAL from Birmingham City Court, in Equity.
Heard before the Hon. H. A. SHARPE.

The appeal in this case is taken by the complainant in the court below from a decree sustaining the respondent's plea, and adjudging that the complainant was not entitled to relief, and ordering his bill dismissed, and that the temporary injunction be dissolved.

The facts of the case are sufficiently stated in the opinion.

JOHN H. MILLER, for appellant.—The evidence of the complainant as to his possession being brought out upon cross-examination of the defendants was admissible in evidence.—*Toliver v. State*, 94 Ala. 111; *E. T., V. & G. R. R. Co. v. Turvaville*, 97 Ala. 122.

The petition for rehearing should have been granted, since the complainant clearly shows merit in his application. Such rehearing should be granted when justice to either party is clearly denied by its refusal.—*Ex parte Heflin*, 54 Ala. 95.

[Brown v. Weaver, Adm'r.]

F. E. BLACKBURN and WALKER, PORTER & WALKER, *contra.*—Under the contract and the averments and proof in this case the complainant was not entitled to relief. To take a parol contract for the sale of lands out of the statute of frauds by part performance, and to obtain a specific performance thereof, the contract must be clearly proved, and the acts relied on as a part performance "should be so clear, certain and definite in their object and design, as to refer exclusively to a complete and perfect agreement, of which they are a part execution." *Pike v. Pettus,* 71 Ala. 98.

2.   In suits for specific performance of contracts, great accuracy of averment, and strict, corresponding proof is required.   Courts will never grant specific performance of an unconscionable bargain, or where the decree will work undue oppression to the defendant, or where the proof of right is not clear.—*Daniel v. Collins & Co.,* 57 Ala. 625.

HARALSON, J.—The bill in this case was filed by W. A. Brown, against D. R. Weaver, as the administrator of the estate of Lucinda Brown, and against Isaac H. Brown and John M. Brown.

The complainant and said Isaac H. and John M. Brown were the children and only heirs at law of said decedent.   The bill seeks a specific performance of a contract of sale of a lot of land in Pratt City, Alabama, alleged to have been made by the decedent to complainant, and also to enjoin an action at law instituted by said administrator against the complainant to recovor the possession of said lot.

The case made by the bill is, that complainant on the 10th day of December, 1891, bought the lot in question from decedent, at the agreed price of one hundred and fifty dollars ; that on the 7th day of January, 1892, he paid her, of this sum, eighty-seven and 50-100 dollars, and was, by her, put in possession of the premises, and that since the death of decedent, he had tendered to respondents, respectively, the balance of said purchase money with the interest thereon, which they refused to receive.

It was not claimed that the contract of sale was in writing, or that any note or memorandum of it in writing had been made.

[Brown v. Weaver, Adm'r.]

The respondents by their answers, denied all the material allegations of the bill, and by plea, averring that complainant had not paid any part of said purchase price and been put in possession of the premises, urged the statute of frauds.

2. The lot in question was the south-east corner of an acre tract on which the decedent had resided for some time prior to her death, and was a rectangle—50 by 150 feet; and at the time of the alleged sale, and for some time thereafter, it was unfenced or in any other way separated from the acre tract.

In *Allen v. Young*, 88 Ala. 340, it was said : "In suits for the specific performance of parol contracts, respecting the sale of lands, the rules of equity pleading require that the contract shall be distinctly, definitely and precisely averred, so that the court may not be left to inference, or in uncertainty as to its terms, or as to the rights of the parties. In no other class of cases is correspondence between the allegations of the bill, and the proof produced to establish them, more rigidly exacted. It is not sufficient that some agreement be proved. If the evidence fails to satisfactorily establish, the particular agreement alleged in the bill, or leaves any of its material terms in doubt or uncertainty, equity will not lend its aid to enforce its specific performance. The complainant's case must be clearly made out, in harmonious pleading and proof, to entitle him to a decree."

Under the evidence and the law as above stated, the court below very properly sustained the plea, and dismissed the bill.

3. The testimony of complainant, himself, as to the purchase and his payment of part of the purchase price, and his having been put in possession of the land by decedent, was on motion of respondents excluded. In this the court did not err. The evidence related to transactions with the deceased, and her estate was interested in the result of the suit.—Code of 1886, § 2765. As testified to by complainant, he alone was present with decedent, when the alleged sale was made.

Eliminating, as we must do, substantially all most material that the complainant himself testified to, his other evidence falls far short of sustaining his case. Several of his witnesses testify to declarations made by decedent, that she had "sold the corner lot to W. A.

Brown," then unfenced. One of them represents her as having stated the price, one hundred and fifty dollars, and another to a declaration of hers, tending to show that the complainant had paid her a part of the money. But none of them represent her as having stated when the sale was made, the terms of the sale, or when the consideration price was, by the terms of the contract, to be paid. None of them represent her as having definitely identified the lot in question, or as having stated what amount had been paid to her. Indeed, there is no evidence in the case, even on the part of complainant, nor is it alleged in the bill, when the deferred payment, by the contract, became or was to become due; and, although it is clear, that at the time the bill was filed, the complainant was in possession of the lot in question and had, after the death of decedent, built a fence around it, yet, aside from his own evidence, which was excluded, there is no evidence that the decedent placed him in possession of the lot, as purchaser or otherwise. This evidence does not entitle complainant to relief.— *Pike v. Pettus*, 71 Ala. 98 ; *Daniel v. Collins*, 57 Ala. 625 ; *Bogan v. Daughdrill*, 51 Ala. 312. Hence, it is unnecessary to notice the evidence adduced by the respondents, some of which tended to show, that the decedent denied having made the sale in question.

4. Defendants were allowed, against the objection of complainants, to show, by three witnesses, that the value of the lot in question, at the time of the sale, was from five hundred to eight hundred dollars, amounts largely more than the consideration price in the alleged contract, and this is assigned as error. There is nothing in this assignment. The existence of the alleged contract and all its terms, was disputed. That one hundred and fifty dollars was the consideration, therefore, was a controverted question ; and this manifest disparity between the alleged consideration and the real value of the property, was relevant evidence, and tended to sustain respondent's contention.

The evidence of one of the respondents, that his mother was "a religious woman and a member of the Methodist Church," was incompetent evidence and should have been excluded. It was not relevant for any purpose. But had the evidence been excluded, under the facts in the case as presented, the result of the suit

must necessarily have been the same. In no event could it have operated to the prejudice of complainant. If it affected the mind of the court at all, it could only have served to lend credence to the truthfulness of decedent's statement, and on this the complainant himself relied.

5. The only other assignment of error is, that the court erred in denying the petition of complainant for a rehearing. This assignment is without merit. Rehearings in equity are matters of discretion, and the exercise of this discretion is not revisable on appeal.—*Ex parte Gresham*, 82 Ala. 359 ; *Lyon v. Bolling*, 14 Ala. 753, 764 ; Rule 82 Chancery Prac., Code of 1886, p. 826. The rehearing, however, was properly refused. Had the evidence of the two absent witnesses, as detailed in the application for rehearing, been before the court on the trial, there would still have been an absence of evidence of facts,—namely, when the contract was executed and when the deferred payment was due,—essential to complainant's right to relief. Besides this, their evidence which tended to show that only forty dollars had been paid on the contract, was inconsistent with the allegations of the bill.

The decree of the court below is affirmed.