# Jones *v.* Jones.

## *Bill for Injunction and Specific Performance.*

(Decided June 18, 1908. 47 South. 80.)

1. *Specific Performance; Parol Contract for Sale of Lands; Pleading and Proof.*—In order to enforce specific performance of parol contract for the sale of lands the terms of the contract must be definitely and clearly alleged, and established as alleged by clear and satisfactory proof.

2. *Same.*—The evidence in this case stated and examined and held insufficient to establish the contract with that certainty requisite to a decree for complainant.

APPEAL from Covington Chancery Court.

Heard before Hon. W. L. PARKS.

Bill by F. E. Jones against S. A. Jones, to enjoin an ejectment suit and to specifically enforce a parol contract for the sale of lands. From a decree for respondent defendant appeals. Affirmed.

C. E. REID, and M. SOLLIE, for appellant. S. A. Jones could not hold the land adversely to the landlord nor dispute her title, while on the lands as a tenant.—*Hammond v. Blue,* 132 Ala. 337; *Brooks v. Rodgers,* 101 Ala. 124; *Robinson v. Hull,* 100 Ala. 115; *Abbott v. Paige,* 92 Ala. 574; *Elliott v. Dyke,* 78 Ala. 145; *Wells v. Sherer,* 78 Ala. 142. The contract was not in violation of the statute of frauds.—Lo. 5 Ala. 585; 69 Ala. 354; 19 Ala. 481. Laches cannot be imputed to complainant.—*Harold v. Weaver,* 72 Ala. 371.

J. F. JONES, and D. M. POWELL, for appellee. No brief came to the Reporter.

DENSON, J.—The object of this suit is to enforce the specific performance of a parol contract of sale of land and to enjoin an ejectment suit instituted by the respondent for the recovery of the land. The original bill avers that the contract embraced 860 acres, more or less, giving definite description of the whole, and alleges that the contract was entered into between complainant and the respondent on the 15th of September, 1894, and that on said day complainant paid to respondent the purchase price agreed on "for said right, title, and interest of said S. A. Jones, and said S. A. Jones delivery to oratrix possession of said above-described land, promising oratrix at the time to execute to her a deed conveying all of his right, title, and interest in and to said land." After respondent had filed an answer specifically denying all the material allegations of the bill, and especially denying that any contract of sale was made, the bill was amended by eliminating a part of the lands, thereby reducing the number of acres alleged to have been embraced in the contract to 436, and specifically describing the same. It was also shown by the amendment that $100 was the purchase price agreed on and paid. On final hearing the chancellor rendered a decree denying the relief prayed, and dismissed the bill. The appeal is from that decree.

The only question presented by the record for consideration here is one of fact. In cases of this kind, the rule is well established that, to make a case for relief, the terms of the contract must be definitely alleged, and established as alleged by clear and satisfactory proof. If the evidence fails to prove the contract, or if any of its terms are left in doubt or uncertainty, a specific performance will be refused. As expressed by Stone, J., in *Daniel v. Collins & Co.,* 57 Ala. 625, 627:

"In such suits, great accuracy of averment and strict corresponding proof are required. Loose and inaccurate pleading, or variant or merely persuasive testimony, is alike fatal to the relief prayer. The complainant's case must be clearly made out in harmonious pleading and proof, to entitle him to adecree."— *Goodwyn v. Lyon,* 4 Port 297; *Aday v. Echols,* 18 Ala. 353, 52 Am. Dec. 255; *Moon's Adm'r v. Crowder,* 72 Ala. 79; *Carlisle v. Carlisle,* 77 Ala. 339. The bill does not make clear the interest that the respondent owned in the lands; and, while it may be inferred from the evidence that he had an interest in them as an heir at law of G. M. Jones, deceased, it is by no means made clear what that interest was, nor the extent of it.

Now, in respect to the testimony, we find it sharply conflicting, and that of the witnesses for the complainant, in some material respects, is inconsistent. The bill alleges that the contract was made on the 15th day of September, 1894, and yet Mrs. Jones (the complainant) testified that she bought the land and paid the respondent for it in 1893, that she paid him $100 in cash at the time she made the trade, and that he gave her possession; and at another place in her testimony we find she testified (without any pretense of explanation of her former evidence) that she was in the actual possession of the land, and that she obtained possession from S. A. Jones in 1894. In another place her evidence shows she had been living on the premises for about eight years before the alleged contract of sale was made. Her son, G. M. Jones, who was a mere boy in 1894, testified that he was present and saw his mother pay respondent $100 for the land, and that that was in September, 1894. Mannie Jones, a daughter of the complainant, who was 13 years old in 1894, testified that she was present at the time the contract

was made, in September, 1894, and that her mother paid Jones $110 cash. On her cross-examination she testified that her mother paid Jones for the lands in 1893, and then she testified that her father paid Jones the money for the land in 1893. This witness further testified that she had never had a conversation with her father alone "about this lawsuit," but that they had all talked about it together. G. M. Jones, husband of the complainant, testified that complainant made the trade with S. A. Jones for the land at the price of $100, and that she paid him the cash on the day of the trade; that "S. A. Jones proposed to sell to F. E. Jones, and she accepted, paid him the money, and asked him for a deed, and he said to her that she did not need a deed, as she was in possession, but he would give her a deed at any time; that G. M. Jones would have it made and brought to him." This witness again testified that his wife made the trade and paid him the money afterwards. Then, on his cross-examination, he testified: "I paid S. A. Jones $100 for the land involved in this suit, for F. E. Jones."

The respondent pointedly denies in his evidence that he sold Mrs. Jones the land or that he made any contract whatever with her. Simmons, a witness examined by the respondent, testified to a conversation with Mrs. Jones in which she disclaimed any interest in the land. If Simmons is interested in the respondent by reason of relationship, then by the same token it may be said that he is interested in the complainant. He is brother-in-law to each. There are other circumstances in the case which, we think, tend to corroborate the respondent's testimony; and, without further elaboration, we are of the opinion that the complainant does not make a case by clear and satisfactory proof and in keeping with the

rule of evidence heretofore laid down. We therefor concur in the conclusion of the chancellor, and here order the affirmance of his decree.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.