(87 South. 346)

**ADAMS v. POWELL et al.   (5 Div. 764.)**

(Supreme Court of Alabama.   Dec. 16, 1920.)

1. Specific performance ⬅114(2)—Terms of contract must be definitely alleged and established.

In an action for the specific performance of a parol contract for the sale of land, the terms of the contract must be definitely alleged and established as alleged by clear and satisfactory proof.

2. Specific performance ⬅115—Dismissal of cross-bill for partition in suit for specific performance held error.

In an action for specific performance of a contract to convey a half interest in land to the party owning the other half, defendant was entitled by cross-bill to a partition, unless his legal title was ultimately divested.

Appeal from Circuit Court, Tallapoosa County; Lum Duke, Judge.

Bill by J. W. Powell and others against Maude Adams, for specific performance, with cross-bill for sale of the land for division among the joint owners. From a decree for complainants, respondent appeals. Reversed and remanded.

The bill shows that Alice V. Hunt died intestate in Tallapoosa county during the

month of February, 1916, and left surviving her no children and no father or mother, but left a hubsand, C. B. Hunt, who died in March, 1918; that complainants are the brothers and sisters and the only surviving heirs of said Alice V. Hunt, and that they inherited from her certain lands subject to the life estate of her said husband, C. B. Hunt; that Alice V. Hunt and C. B. Hunt owned together a one-half 'undivided interest in said land, except 40 acres which had been previously sold off; that while they owned the land jointly and were in joint possession thereof the said Alice V. Hunt purchased from her husband his interest in said land at and for the sum of $250; that she paid him the purchase money for the same, and he delivered the possession thereof, which she retained during her life, she and her husband having disagreed and separated, but, no divorce having been granted, the said C. B. Hunt went into possession at her death as a life tenant, and remained in possession until his death; that so far as orators are advised and so far as the records show said Hunt never complied with his agreement to make said Alice V. Hunt a deed to his undivided half interest in said land, and on information and belief they charge that no such deed was ever made or executed. The bill further shows that C. B. Hunt died intestate, leaving as his only heir his daughter Maude Adams; that there had been no administration on his estate, and no one was interested in it except Maude Adams, and that in equity and good conscience the said Maude Adams has no interest in said land, but that in justice and right and equity the complainants own the said lands as the only heirs at law of said Alice V. Hunt, she having purchased same from C. B. Hunt, paid the purchase price in full, and been put in possession of the same. The respondent answered, denying the allegation to the bill, setting up that she was joint owner with the complainants of said land, that the lands could not be equitably divided, and praying for a sale thereof.

J. W. Strother and J. Percy Oliver, both of Dadeville, for appellant.

Where the action is for specific performance of a parol contract for the sale of land, the contract must be certain and definite, must be as definitely alleged, and established by clear and satisfactory proof as alleged. 155 Ala. 644, 47 South. 80; 157 Ala.. 105, 47 South. 195; 95 Ala. 172, 10 South. 225; 91 Ala. 180, 8 South. 565; 88 Ala. 338, 6 South. 747; 71 Ala. 92; 57 Ala. 625; 36 Cyc. 689.

J. Sanford Mullins, of Alexander City, for appellees.

The allegation and the proof authorized the decree rendered by the court. 162 Ala.

524, 50 South. 361; 19 Ala. 481; 28 Ala. 432; 77 Ala. 339; 181 Ala. 179, 61 South. 817.

ANDERSON, C. J. [1, 2] In an action for the specific performance of a parol contract for the sale of land, the terms of the contract must be definitely alleged and established as alleged by clear and satisfactory proof. Jones v. Jones, 155 Ala. 644, 47 South. 80, and cases there cited. The proof in this case fails to establish a contract between C. B. Hunt and his wife, whereby he was to sell and convey to her his undivided one-half interest in the land. The trial court therefore erred in granting the complainant's relief, and the decree is reversed. The proof in this case, however, may disclose a right to equitable relief, which we do not feel disposed to suggest or point out, as it is not available under the present averments of the bill if at all, and we will remand the cause in order that complainants may have an opportunity to amend their bill should they see fit to do so. Under the present state of the record, the trial court not only erred in granting the complainants relief, but in dismissing the respondent's cross-bill, as she would be entitled to a partition unless her legal title is ultimately divested, but action will be deferred upon said cross-bill until it may be finally determined whether or not the complainants establish a superior equity to all of the land.

Reversed and remanded.

All the Justices concur.