46 So.2d 825

### NOLAN v. MOORE.
### 8 Div. 411.

Supreme Court of Alabama.
April 20, 1950.

Rehearing Denied June 30, 1950.

Norman W. Harris and Julian Harris, of Decatur, for appellee.

S. A. Lynne, of Decatur, for appellant.

**LAWSON, Justice.**

This is a suit in equity begun by appellee, Frances Moore, against appellant, Daisy Nolan. The purpose of the bill was to secure specific performance of an oral contract to convey a house and lot situate in the city of Decatur. The trial court rendered a final decree ordering respondent, Daisy Nolan, to convey the said property to complainant, Frances Moore, upon the payment to respondent by complainant of an amount of money found to be due.

The cause was submitted on motion and merits. We will first dispose of the motion. The motion is to strike from the record certain testimony which the trial court, in a supplementary decree, ordered the register to include in the record on appeal. It appears that all the witnesses in this case testified orally before the judge in open court. The testimony was taken down by the court reporter. A transcript of the testimony, certified by the reporter, was filed on July 2, 1947. The court rendered final decree on August 2, 1947. Supersedeas bond was filed and approved on August 22, 1947, and citation of appeal served on appellee on August 28, 1947. Thereafter, on September 17, 1947, appellee, complainant below, filed a motion in

the trial court to correct the transcript of the testimony as certified by the court reporter, on the ground that material evidence given in the cause had been omitted from the said transcript. Objections to the motion were filed by appellant, respondent below, on September 24, 1947, the day set for the hearing of said motion. The objections being overruled, the court granted the motion and a supplementary decree was rendered on October 3, 1947, ordering that the register incorporate in the record on appeal that portion of the testimony which was omitted from the transcript theretofore certified by the court reporter. As before indicated, the purpose of the motion filed here is to strike from the record the testimony included in the record in accordance with the order of the trial court made after final decree. Even if it be assumed that an original motion filed in this court is the proper way to raise the question, we are of the opinion that the motion should be denied. In Wood v. Amos, 236 Ala. 477, at page 479, 183 So. 639, at page 640, it was said: "The cause was submitted on motion and merits, and as suggested on the submission, the affidavit made the subject of the motion will be considered, if the same was shown to have been duly introduced in evidence. Although the appeal had been taken on January 1, 1938, and citation of appeal served on defendant on February 18, 1938, it was within the jurisdiction and power of the trial judge to ascertain and direct the register in preparing the true record for this court, under the evidence on motions. The motions are denied. Home Ins. Co. v. Shriner et al., Ætna Ins. Co. v. Shriner et al., 235 Ala. 65, 177 So. [890], 897 [114 A.L.R. 574]."

The fact that the reporter's transcript of the evidence was filed prior to the rendering of the final decree does not affect the right of the trial court to have the record on appeal correctly reflect the evidence which was produced at the hearing. In White v. White, 246 Ala. 507, at page 509, 21 So.2d 436, at page 437, it was said: "* * * The present rule evidently takes into consideration the obvious fact that when witnesses testify orally before the court, such testimony is 'within the breast

of the court' and the court is then informed that, as to this testimony, the parties place reliance thereon. Hence so far as the trial court is concerned, when it renders its decree, the testimony need not then be written out and filed. But, when the case gets to the appellate court, the necessity for a record of the evidence is plain, because without a record of the evidence, there would be no evidence susceptible of review. We think it reasonable that the present rule is designed to give aid to the appellate court, which needs the aid. It does not contemplate a futile act and seek to give aid to the trial court, where no aid is needed. And so we think the rule was complied with in this case."

The case last cited and quoted from is, of course, not directly in point with the instant case. But it does show the purpose of having the testimony transcribed by a court reporter when the hearing in an equity case is orally before the trial court.

■ The first seven assignments of error relate to the court's action in overruling the demurrer and each of the six grounds thereof. The only reference in brief filed on behalf of appellant in respect to these assignments is the last paragraph of the brief, and is as follows: "For brevity and to avoid repetitions and unduly burden the court, we ask the court to consider this argument as addressed to assignments of error 1 to 7, both inclusive, and numbers 11 to 13, both inclusive, and each one separately and severally." The argument in the brief is not addressed to the insufficiency of the bill of complaint. No reference is made therein to any of the grounds of demurrer as being well taken. The argument in brief challenges only the correctness of the final decree. We are of the opinion that the reference to the demurrer above quoted from the last paragraph of the brief is not a sufficient insistence to support the assignments of error which relate to the trial court's action in overruling the demurrer, and that said assignments must be treated as waived. Western Ry. of Alabama v. Russell et al., 144 Ala. 142, 39 So. 311, 113 Am.St.Rep. 24; Stewart v. Clemens, 220 Ala. 224, 124 So. 863, 66 A.L.R. 1454; Reese v. Mackentepe, 224 Ala. 372,

140 So. 550; Looney et al. v. Blackwood, 224 Ala. 342, 140 So. 400; Wholesale Produce & Truckers Association of Ala., Inc., v. Mazer, 240 Ala. 491, 199 So. 827.

The complainant and the respondent are both uneducated colored women. The respondent can neither read nor write, although she appears to have accumulated some property.

■ The complainant formerly lived on a farm in Limestone or Madison County. She desired to acquire a home in Decatur, Morgan County, a city not far from her farm home. She approached friends in Decatur relative to the purchase of a home. She was directed to Decatur Realty Company, Inc., and a Mr. Ross, of that company, showed her the suit property. It was offered to complainant for the sum of $1,800. She did not have sufficient money to make the purchase. She was told by her friends to seek the assistance of the respondent. She did so. As a result of negotiations between complainant and respondent, the property was conveyed by the Decatur Realty Company to respondent, Daisy Nolan. The consideration was $1,500, which amount was paid in cash. The deed to Daisy Nolan, the respondent, was executed in November, 1944. It was understood between complainant and respondent that the latter was to sell the property to complainant.

For a short time after respondent acquired the title to the property she rented it to one Dillard.

Complainant was given possession of the property in January, 1945. At the time she filed the present suit, complainant had paid the respondent a considerable portion of the purchase price. In May, 1945, several months after complainant went into possession, considerable improvements were made on the property. The costs of the improvements were paid for by the respondent.

The facts referred to above are without dispute; in fact, they are in most respects admitted by the answer of the respondent. It follows, therefore, that the statute of frauds is not a bar to the relief sought by the complainant, for it is clear

that there was an oral agreement whereby respondent agreed to convey the property to complainant, who paid a portion of the purchase price and was placed in possession. Adams v. Adams, 235 Ala. 27, 176 So. 825, and cases cited.

But this court has said in many cases that to entitle a complainant to a decree for the specific performance of an oral agreement for the sale of land on the ground of part performance it is indispensable, not only that the acts alleged to be in part performance should be clearly proved, but the contract itself, as alleged in the bill, should be established by clear and definite testimony. If the purchaser fails to establish the contract as alleged, or if any of the terms be left in doubt or uncertainty, then specific performance should not be decreed, for it would then be uncertain whether the equity court was enforcing the contract the parties agreed upon, or whether it was making one for them, and decreeing its execution. The proof must not leave the contract, or any of its terms, in doubt. Goodwin v. Lyon, 4 Port. 297; Aday v. Echols, 18 Ala. 353, 52 Am.Dec. 225; Cox v. Cox et al., 59 Ala. 591; Allen v. Young, 88 Ala. 338, 6 So. 747; McDonald v. Walker, 95 Ala. 172, 10 So. 225; Brown v. Weaver, 113 Ala. 228, 20 So. 964; Jones v. Jones, 155 Ala. 644, 47 So. 80; Adams v. Powell et al., 205 Ala. 91, 87 So. 346; Burt v. Moses, 211 Ala. 47, 99 So. 106; Wilder v. Reed, 216 Ala. 29, 113 So. 312.

It is urged on behalf of appellant that a fatal variance exists between the allegations of the bill as to the terms of payment of the purchase price and the proof of complainant in that respect, and for that reason it is insisted that the decree appealed from should be reversed. In other words, it is contended that the terms of the contract proved were at variance from those averred in the bill and, therefore, under the rule of the cases heretofore cited, specific performance should not have been decreed.

In this respect the bill averred in substance that complaint was to pay respondent the sum of $1,500 for the property; that she was to pay "what down payment she was able and monthly payments thereafter until she had paid the purchase price of fifteen hundred dollars ($1500.00), complainant agreeing to pay *as near $50.00 per month as possible.* No rate of interest on the balance was agreed upon." (Emphasis supplied.) The bill further avers in substance that in January, 1945, complainant made a down payment on the purchase price in the amount of $556 and that, including the said down payment, complainant has paid to respondent more than $1,400 on the purchase price of $1,500. It was also averred that "complainant is ready, able and willing to pay the defendant the balance due on the indebtedness and submits herself to the jurisdiction of the court and offers to do equity and pay whatever amount the court ascertains to be proper."

In so far as the amount of the purchase price is concerned, there is no variance between the averments of the bill and the testimony offered on behalf of complainant. The bill averred a down payment. Complainant's testimony is positive to that effect. The bill does aver that the down payment was not made until January, 1945, when she went into possession, and complainant's testimony is to the effect that the down payment was made to respondent before the latter ever secured a deed to the property from the Decatur Realty Company, which was in November, 1944. But the exact time when the down payment was made and the exact amount of such payment are not material to the question here treated.

As before indicated, the bill averred in substance that the agreement between the complainant and respondent was that complainant was to pay the difference between the purchase price and the down payment in monthly payments of "as near $50.00 per month as possible." Complainant's testimony as to the manner of payment is not so positive. She testified that respondent "gave me lifetime to pay her and I could pay her $50.00 a month as long as I could and then when I got where I couldn't pay her that much I could pay her what I could and if I got where I couldn't pay her anything that was to be all right, just pay

her as I could." Complainant's daughter, the only other witness for complainant as to how the payments of the purchase price were to be made, testified that respondent agreed that "she would buy the house for my mother and she would sell her the house for $1500.00 and she said my mother could just pay her and she would have lifetime to do it * * *. she said I don't want to beat you and you seem to be poor people and said I don't need you to give me anything and I will help you buy it and if I die today, the house is yours and just pay me as you can."

As to the amount of the purchase price and how it was to be paid, the respondent averred in her answer that complainant agreed to pay respondent $1,800 for this property, together with interest from the date of the agreed sale, the interest to be paid on the remaining unpaid balance of the indebtedness, and that *the complainant would make monthly payments of approximately $50.00 per month.* (Emphasis supplied.) The answer also averred that before going into possession of the property, complainant made a down payment in the sum of $446, not $556, as alleged in the bill. Respondent's testimony as to this phase of the case was in most respects in accord with the averments of her answer.

It is clear that time was not of the essence in so far as the payment of the purchase price was concerned. While $50 per month was the amount which the parties agreed complainant should try to pay, we think it clear under all the facts and circumstances of this case that the respondent did not understand that complainant was required to pay as much as $50 per month, if circumstances prevented her from doing so. Hence, we do not think that the statements made by complainant, an ignorant colored woman, and her daughter, which are to the effect that the respondent did not expect that $50 per month be paid in the event complainant was unable to do so, should be held to be such a fatal variance from the allegations of the bill as to deprive the complainant of the right of specific performance. As before indicated, time is not of the essence and complainant has offered to do equity and to pay the amount of the purchase price which the court found to be unpaid.

Nor do we think that the statements of the complainant and her daughter, alluded to above, should be construed, in view of all the circumstances of this case, as indicating that the contract sought to be performed was so uncertain in its terms as to deprive the complainant of the right to specific performance. Cay v. Ferrell, 239 Ala. 297, 195 So. 224.

We cannot agree that there is a fatal variance between the allegations of the bill and the proof as to the demand made by the complainant that the respondent execute her a deed to the property and the refusal of the respondent to do so. In substance the bill alleges, in this connection, that in October, 1946, complainant requested that respondent furnish her with the balance due on the purchase price, so that she might make arrangements to pay such amount and secure a deed; that respondent at that time claimed a balance due of $1,800 and refused to make complainant a deed until such sum was paid; that in December the respondent claimed $3,000 to be due and refused to execute a deed "on the payment of the real balance." Complainant testified she first requested a deed of respondent in August, 1946, to which request respondent replied that "she would have to see her lawyer." In December, 1946, complainant told respondent she wanted to pay the real balance, to which respondent replied that "complainant would have to pay $3,000 for the place." True, the bill alleged that the first demand and refusal was in October, 1946, while the proof shows it was in August, 1946, and the proof fails to show the amount respondent claimed to be due at that time. This is not a fatal variance, in our opinion. Robinson v. Wade, 212 Ala. 698, 103 So. 920.

Under the pleadings, the real issues in this case were: (1) the amount of the purchase price; (2) the amount paid on the purchase price by the complainant; (3) the cost of the improvements put on the property by the respondent.

The evidence as to all these issues was in conflict. It would serve no useful purpose to delineate the tendencies of the evidence as it bears on these several issues. Suffice it to say that we have given long and careful consideration to all the aspects of this case in consultation and are of the opinion that the decree of the trial court should be affirmed. It is so ordered.

Affirmed.

BROWN, FOSTER, and STAKELY, JJ., concur.