# Rees v. Coats.

*Trover for Conversion of Three Bales of Cotton.*

1. *Verbal mortgage of future crop.*—A verbal mortgage of a crop which has not yet been planted, though valid as between the parties, does not convey a legal title on which the mortgagee, without having acquired the possession of the crop, can maintain detinue or trover against a third person. (*Dictum* to the contrary, in *Brown v. Coats*, 56 Ala. 439, declared erroneous.)

2. *When action on the case lies.*—A person who has a valid lien, under a verbal mortgage, on a crop which was not planted when the mortgage was given, may maintain a special action on the case against another who, with notice of such lien, has converted the crop, when gathered, to his own use.

3. *Joinder of case and trover.*—A count in case may be joined with a count in trover, or added to the complaint by amendment.

APPEAL from the Circuit Court of Etowah.
Tried before the Hon. WM. L. WHITLOCK.

This action was brought by George E. Coats, against Thomas S. Rees, to recover damages for the conversion of three bales of cotton; and was commenced on the 20th September, 1877. The defendant pleaded not guilty, and a special plea of estoppel, which it is not necessary to notice. A demurrer was interposed to the special plea, which seems to have been sustained, as the court gave the defendant leave to amend; but the record does not show that any amendment was made, and simply recites that "issues were joined between the parties." On the trial, as the bill of exceptions shows, the plaintiff testified, as a witness for himself, "that one T. C. Brown cultivated his land in said county for the year 1875, on terms which made them tenants

[Rees v. Coats.]

in common of the crops raised ; that said contract was made in the early part of the year, about the 1st January ; that in February thereafter, before any cotton was planted, said Brown agreed with him, that if plaintiff would stand for him at Hollingworth's store, and enable him to get some supplies for his family, all his stock and entire crop of cotton raised on the land during said year should be bound therefor ; that he did then and there stand for said Brown, and enabled him to get supplies to the amount of $95, and paid said money for him on or about the 25th December of that year ; that said Brown still owes him therefor, but has paid him that portion of the cotton which was due for rents under said contract, and the balance of the cotton was left in pens on the premises of said Coats, where it had been gathered and placed by said Brown, he doing all the labor under said contract. Plaintiff testified, also, that the cotton sued for was the identical cotton raised on said land by Brown ; and there was evidence that the defendant sold it, or assisted in selling it, before the bringing of this suit, without the permission of the plaintiff, and received the money for it, and that it was worth as much as the amount sued for." The defendant had taken a mortgage on said Brown's cotton crop on the 1st June, 1875, which was duly recorded, and which he offered in evidence on the trial. He proved, also, "that plaintiff sued out an attachment against Brown's crop, on or about the 29th December, 1875, on said debt, and it was levied on the cotton in controversy, as the property of Brown, in the field where it had been left, as aforesaid ; that the same was replevied by said Brown, and was sold as aforesaid, while said attachment suit was pending." The plaintiff testified, "that he notified defendant of his verbal mortgage and lien, before the date of defendant's mortgage ; and that defendant replied, that said lien was worth nothing." But the bill of exceptions says, "There was a controversy in the testimony, as to whether or not defendant had notice of plaintiff's said claim on Brown, when he took said mortgage."

"This being substantially all the evidence," the court charged the jury, "that a verbal lien on personal property is good ; that if they believed, from the evidence, that the defendant knew of the plaintiff's lien on said cotton, when he took his mortgage thereon, then plaintiff's title is the better one ; that the plaintiff, to recover in this action, must have a special property in the cotton, the conversion of which is sued for ; and that if he had a lien on said cotton, then he would have such special property therein as would authorize him to recover in this action." To each part of this charge

(17)

[Rees v. Coats.]

the defendant excepted, and asked the court to charge the jury, that the verbal contract between Coats and Brown did not confer on plaintiff " such title as will enable him to maintain this action, unless the evidence shows that he had actual possession of the cotton before the commencement of this suit." The court refused this charge, and the defendant excepted to its refusal; and he now assigns as error the charges given, and the refusal of the charge asked.

W. H. DENSON, and AIKEN & MARTIN, for appellant.

J. L. CUNNINGHAM, contra.

STONE, J.—The case of *Brown v. Coats*, 56 Ala. 439, was founded on the same contract which is brought to view in this suit. In that case is a *dictum*, which, no doubt, caused this suit in the form in which it is brought. We regret this, as, on the facts shown in this record, the contract between Brown and Coats did not, of itself, vest a legal title in the latter, which is always necessary to maintain detinue or trover.— *Tucker v. Leslie*, at last term, and authorities cited. To maintain either of these common-law remedies, there must be a present right to immediate possession. Without some new act, such as taking possession, or receiving possession after the crop is grown, the claim of Coats was a mere equity, which will not support trover. Such is the effect of a lien, or even a mortgage, given on a crop before it is planted. 1 Jones on Mort., sections 150, 151; *Butt v. Ellett*, 19 Wall. 544; *McCaffrey v. Woodin*, 65 N. Y. 459; *S. C.*, 22 Amer. Rep. 644; *Appreson v. Moore*, 30 Ark, 56; *Hutchinson v. Ford*, 9 Bush, 318; *Booker v. Jones*, 55 Ala. 266; *Adams v. Tanner*, 5 Ala. 740; *Morrow v. Turney*, 35 Ala. 131; *Kirksey v. Means*, 42 Ala. 426; *Lehman, Durr & Co. v. Marshall*, 47 Ala. 362; *Abraham v. Carter*, 53 Ala. 8.

If Coats had a lien on the cotton, such as he claims, and if Rees, having notice thereof, converted or disposed of the cotton, then an action on the case may be maintained. *Hussey v. Peebles*, 53 Ala. 432; *Lomax v. LeGrand*, 60 Ala. 537. The complaint may be amended, by adding a count in case to the count in trover.—1 Brick. Dig. 41, § 27.

Reversed and remanded.