# Varnum *v.* The State.

### *Indictment for Removing Mortgaged Property.*

1.  *Sale or removal of property under lien; what liens within purview of statute.*—Valid equitable liens and mortgages are as much within the purview of the statute (Code, § 4353) which makes criminal the removal or sale of property on which another has a lien, as are those valid at law.

2.  *Description of property conveyed by mortgage; parol evidence of identification.*—When a mortgage conveys the "entire crop" of the mortgagor "of every description, raised by him, or caused to be raised by him annually," till a certain debt is paid, the uncertainty as to what the mortgage covers can be removed by parol evidence; and when a bill of exceptions fails to set out all the evidence, this court will presume that such parol evidence was furnished, and the mortgage properly admitted in evidence.

Vol. LXXVIII.

[Varnum v. The State.]

3. *Mortgage on crops not planted.*—A mortgage executed before the crop which it covers was planted, or could have been *in esse,* creates an equitable lien, when the thing mortgaged has a potential existence, by which is meant a present interest in property of which the thing sold or conveyed is the product, growth or increase, as opposed to a mere possibility or expectancy.

APPEAL from Henry Circuit Court.

Tried before the Hon. HENRY D. CLAYTON.

The appellant was indicted, tried and convicted, under section 4353 of the Code, for selling or removing certain cotton on which one Oates had a lawful and valid claim under a written instrument. On the trial, it was shown that defendant had sold some cotton raised by him in Henry county during the year 1880. The State then offered in evidence a mortgage from defendant to Oates, bearing date January 5th, 1880, which conveyed, among other things, "my entire crop of every description, raised by me. or caused to be raised by me annually, till this debt is paid." This mortgage was duly acknowledged and recorded. The defendant objected to the introduction of this mortgage; his objection was overruled, and he excepted. The bill of exceptions does not purport to set out all the evidence.

The defendant then requested the court to give the following written charges, which the court refused to do, and an exception was taken separately to the refusal to give each charge: 1. "The defendant asks the court to charge the jury, that if they believe, from the evidence, that the defendant removed the cotton described in the indictment, and that said cotton was a part of the crop grown by defendant in the year 1880, and that the only right Oates had to said cotton was under a mortgage made by defendant to said Oates on the 5th day of January, 1880, and before said crop was planted or in existence; that said Oates had not such an interest in said cotton crop, under said mortgage, as would authorize them to find the defendant guilty, if the proof convinced them, beyond a reasonable doubt, that defendant removed any part of said cotton crop." 2. "The defendant asks the court to charge the jury, that the terms in the mortgage introduced, to-wit: 'my entire crop of every kind and description, raised by me, or caused to be raised by me annually, till this debt is paid,' does not constitute said mortgage a lawful and valid claim on the crop of defendant for the year 1880, or for any subsequent year."

The admission of the mortgage, and the refusal to charge as requested, are now assigned as error.

JAMES A. CLENDENIN, for appellant.—The objection to the mortgage was well taken. Upon its face, it shows no title in

Oates, showing as it does that it was executed before any of the crop of 1880 was planted. It describes neither the lands nor the crops to be raised, and gives no indication whether the crops were to be grown in or out of the State. At most, it was a mere agreement to give a subsequent mortgage. *Burns v. Campbell*, 61 Ala. 271, and authorities there cited. It conferred no specific lien on such after-acquired property. Herman on Chattel Mortgages, 46; *Anderson v. Howard*, 49 Ga. 313; *Otes v. Sill*, 8 Barb. 102; 2 Kent's Com. 468; *Skipper v. Stokes*, 42 Ala. 255; *Purcell v. Mather*, 35 Ala. 570; *Booker v. Jones*, 55 Ala. 266.

T. N. McCLELLAN, Attorney-General, *contra*.—Though the mortgage to Oates did not give him the legal title to the property, yet it vested in him an equitable lien, which is "a claim" under a written instrument within the language of the statute. *Bush v. Garner*, 73 Ala. 102; *Grant v. Steiner*, 65 Ala. 499; *Rees v. Coats*, 65 Ala. 250; *Booker v. Jones*, 55 Ala. 271; Jones on Mortgages, 150-1.

SOMERVILLE, J.—The indictment charges the defendant with selling or removing certain cotton, for the purpose of hindering, delaying or defrauding a named person, who was averred to have a lawful and valid claim thereto, under a written instrument, lien created by law for rent or advances, or other lawful and valid claim, verbal or written, the defendant having at the time a knowledge of the existence of such claim. The statute creating this offense is found in section 4353 of the present Code, and no question is raised as to the sufficiency of the indictment.

It is shown that the defendant had sold certain cotton raised by him in the year 1880 in Henry county; the only question of controversy being, whether there was a lawful or valid claim on it, within the meaning of the statute. The evidence of this claim was a written mortgage, executed by the defendant on the fifth day of January, 1880, conveying to one Oates, as the instrument recites, "my entire crop of every description raised by me, or caused to be raised by me annually, till this debt is paid."

It is objected to the admission in evidence of this mortgage, that it was void for uncertainty in the description of the crops intended to be included in it. Whatever force there may be in this objection to the instrument on its face, this alleged uncertainty was capable of being removed, when read in the light of the circumstances surrounding the contracting parties at the time of its execution, by extraneous parol identification.—*Ellis v. Martin*, 60 Ala. 394; *Meyer Bros. v. Mitchell*, 75 Ala. 475.

[Pullam v. The State.]

The bill of exceptions fails to set out all the evidence introduced in the court below, and we are bound to presume that there was such evidence of identification as authorized the introduction of the mortgage. In such cases, every reasonable intendment will be made which may be necessary to sustain the ruling of the primary court.

There can be no doubt of the proposition, that valid *equitable* liens and mortgages fall within the purview of the statute, as well as those valid at law. The language of the section is, 'lawful or valid claim, verbal or written," which is very broad, and comprehensive. *Lawful* means not contrary to, or sanctioned by law, and *valid* means having legal force.

The mortgage in question, it is true, was executed before the crops were planted, or could have been *in esse*. But the rule is now firmly settled in this State, that an equitable lien is created by such conveyances, where the thing mortgaged has a potential existence, by which is meant " a present interest in property, of which the thing sold or conveyed is the product, growth or increase, as opposed to a mere possibility or expectancy, not coupled with such an interest."—*Mayer v. Taylor*, 69 Ala. 403 ; s. c., 44 Amer. Rep. 522 ; *Grant v. Steiner*, 65 Ala. 499. It must be presumed, in the absence of any recital that the bill of exceptions contains all the evidence, that the proper proof was made as to the defendant's interest in the land upon which the cotton was grown, upon the principles to which we have already adverted.

The rulings of the court are free from error, and the judgment is affirmed.