# Smith *v.* Fields.

*Trover and Case, by Mortgagee against Purchaser of Crops.*

1. *Description of property in mortgage; parol evidence in aid of.*—A mortgage of " my entire crop of cotton and corn " is not void for indefi-niteness and uncertainty, but the general descriptive words may be made definite and certain by parol evidence showing that the parties

| 79 | 335 |
| 107 | 399 |
| 79 | 335 |
| 113 | 313 |
| 79 | 335 |
| 120 | 637 |
| 120 | 640 |
| 120 | 641 |
| 79 | 335 |
| 135 | 301 |

[Smith v. Fields.]

had reference to the crop to be raised by the mortgagor on the planta-
tion in the county which he was then cultivating.

2.  *Registration as constructive notice; liability of purchaser to mort-
gagee.*—A mortgage of crops not yet planted, if duly recorded in the
county in which the lands lie, is constructive notice to a purchaser of
the crops after they have been gathered; and he is liable to the mort-
gagee in trover, or a special action on the case.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by Abijah E. Fields, against Thomas
Smith, to recover damages for the conversion of nine bales of
cotton; and was commenced on the 16th April, 1885.   The
complaint contained two counts in trover, and a special count
in case; and the only plea was "the general issue, in short by
consent, with leave to give in evidence any special matter
which would be good if specially pleaded.   The cotton was
raised by one Isham Bentley, during the year 1884, on a  plan-
tation which he was cultivating in Blount county; and  was
carried by him to Birmingham, in December, 1884, and there
sold to the defendant, who paid the full market price, about
$400.   The plaintiff claimed the cotton under a mortgage exe-
cuted to him by said Bentley, which was dated March 8th,
1884, and purported to be given to secure said Bentley's note
for $200, of even date with the mortgage, and payable on the
1st October, 1884.   The property conveyed by the mortgage
was described as "my entire crop of cotton and corn," with a
mare, several cows, &c.   The mortgage was signed by mark
only, the signature being attested by one witness; and it was
filed for record in the office of the probate judge of Blount
county, on the 8th March, 1884, but without acknowledgment
or probate.

On the trial, as appears from the bill of exceptions, the
plaintiff offered the mortgage in evidence, having proved its
consideration, execution, and registration; and having further
proved "that said Isham Bentley, at the time of the execution
of said instrument, owned and was cultivating a farm in Blount
county, proposed to prove, by parol, that the said mortgage
was intended to cover the crop of cotton and corn to be grown
by said Bentley, on his said place, during the year 1884."   The
court admitted this evidence, against the objection of the de-
fendant, and he excepted to its admission.   "The defendant
introduced evidence showing that he purchased the cotton from
said Bentley in good faith, and that he had no knowledge
whatever that plaintiff had any mortgage, or claim of any kind
on said cotton, until after he had bought the cotton and paid
for it."   This being all the testimony, and the case having been
submitted to the decision of the court without a jury, the court

[Smith v. Fields.]

found the issue in favor of the plaintiff, and rendered judgment in his favor, for the amount due on his mortgage debt. The defendant excepted to the judgment, and here assigns it as error, together with the admission of the evidence to which, as above stated, he had excepted.

HEWITT, WALKER & PORTER, for appellant.

LANE, TALIAFERRO & TABOR, *contra.*

CLOPTON. J,—Generality and indefiniteness in the description of the property are not sufficient to avoid a mortgage. There must be uncertainty, which remains after the mortgage has been interpreted in the light of the attendant circumstances, the clear intent of the parties being regarded. It must be conceded that the description—"my entire crop of cotton and corn"—is very general and indefinite; but it is capable of being made reasonably certain, without violating any rule of evidence. The mortgage was executed, March 8th, 1884, to secure an obligation of the same date, which was given in consideration of a mare and goods purchased, and supplies to be furnished, and payable October 1, 1884. Evidence, in connection with these circumstances, that the mortgagor, at the time of its execution, owned a farm in Blount county, and of the quantity of crops grown thereon, reasonably removes the uncertainty, and manifests the intent of the parties that the mortgage should cover the entire crop of cotton and corn raised by the mortgagor on his farm during the year 1884.—*Connally v. Spragins,* 66 Ala. 258; *Ellis v. Martin,* 60 Ala. 394; *Varnum v. State,* 78 Ala. 28.

When the mortgage is on an unplanted crop, any person who converts it to his own use after it is gathered, with actual or constructive notice of the lien, is liable to the mortgagee in an action on the case.—*Rees v. Coats,* 65 Ala. 256. The description of the property in the mortgage, though general, is sufficient to put on inquiry; and the defendant, purchasing from the mortgagor, was bound to ascertain whether the cotton he purchased was the same conveyed by the mortgage. Registration of such mortgage in the proper office is constructive notice.

Affirmed.