# Scheuer & Brother *v.* Kelly.

### *Bill to Marshal Assets and for an Accounting.*

1. *Variance; what is not.*—If a bill charges notice of a title to land in the complainant in two ways, one by the record of the deed and the other by possession of the land, a failure to prove that the deed was recorded is not a variance fatal to the complainant's right of relief, if he proves the possession which he alleges.

2. *Contract of purchase; presumption of from possession.*—If a person goes into possession of land and in a few days thereafter receives a deed to the same, the reasonable presumption is that he went in under a contract of purchase; and his possession will be referred to that contract; and notice of that possession is notice of the contract and of the deed immediately afterwards made.

3. *Deed; when not void for uncertainty.*—A deed which by its caption shows it was executed in a certain county, and describes the land as a certain section, township and range, is not void for uncertainty. The description may be aided or located by showing that the grantor owned and sold to the grantee the said section in said township and range, and, so aided, the description becomes certain and definite.

4. *Mortgaged land first sold by mortgagor; what not necessary in a bill by second purchaser to subject.*—In a bill by a purchaser of mortgaged land to first subject to the mortgage other parcels of land embraced therein which were sold by the mortgagor prior to the sale of the land to complainant, it is not necessary to aver and prove that the parcels first sold are sufficient in value to satisfy the mortgage, if the bil offers to have the complainant's land also sold if the other parcels are not sufficient to pay the mortgage debt.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. JERE N. WILLIAMS.

Bill in equity by John Kelly to marshal assets and for an accounting. It alleges that one J. W. King executed a warrantee deed to complainant to certain land and put him in possession thereof, which deed was duly recorded. That prior to said sale the said King had exe-

[Scheuer & Brother v. Kelly.]

cuted a mortgage on the land sold to complainant and on other parcels of land, to the British American Mortgage Company, a foreign corporation, of which complainant had no actual notice at the date of his purchase. That the said company transferred the note and the said mortgage given to secure it to B. Scheuer & Bro. That one E. M. King has a claim on a portion of the land so mortgaged. That B. Scheuer & Bro. obtained judgment on said note and that they are proceeding to sell all the land embraced in the mortgage including the land sold to complainant. The prayer of the bill is that it be ascertained what amount is due on the mortgage debt, and that all the other securities embraced in the mortgage be subjected to the payment of said sum found to be due on the mortgage debt before resort is had to the land of the complainant, or that complainant be permitted to pay this sum which he offers to do. That Scheuer & Bro. be restrained from selling complainant's land either under the mortgage or by the execution issued on their judgment. The answer of B. Scheuer & Bro. denied that complainant's deed was recorded or that they had any notice of it or of any right claimed by complainant before they acquired the mortgage. That they obtained judgment against him and sold under execution all of his land including the land now claimed by complainant, and hold the sheriff's deed to the same. They pray that their answer may be taken as a cross-bill and for relief from the claim of complainant.

S. H. DENT, JR., for appellant, contended, that there was a variance between the allegations and the proof; and farther that the testimony failed to show notice by possession of the land; that Kelly having gone into possession before receiving a deed from King the presumption is that he held under King until notice of his deed was given.—*McCarthy v. Nicrosi*, 72 Ala. 333; *King v. Paulk*, 83 Ala. 186. (2). The deed to Kelly was void for uncertainty in the description of the land conveyed. *Chambers v. Ringstaff*, 69 Ala. 140. (3). The bill cannot be sustained for marshalling assets because it is not alleged or proven that the property conveyed by the mortgage other than the land is sufficient to pay the mortgage debt.—*Coker v. Shropshire*, 59 Ala. 542.

[Scheuer & Brother v. Kelly.]

A. H. MERRILL, *contra.*—The parcel of land held by King should first be sold to satisfy the mortgage debt. *Orr v. Blackwell*, 93 Ala. 212; *Henderson v. Alabama Gold Life Ins. Co.*, 72 Ala. 32; *Turner v. Flinn*, 67 Ala. 529.   (2). The judgment of Scheuer & Bro. against King was rendered after Kelly had purchased the land and was in possession.   Hence Kelly's possession was notice of his ownership.—*Tutwiler v. Montgomery*, 73 Ala. 263; *Brunson* N *Wife v. Brooks*, 68 Ala. 248; *Webb v. Elyton Land Co.*, 105 Ala. 471.

McCLELLAN, C. J.—The bill charges B. Scheuer & Bro. with notice of complainant's title in two ways; *first* by the record of complainant's deed, and, *second,* by the fact of complainant's possession at and before the time the Scheuers claim to have acquired a judgment or execution lien on the land.   The failure to prove that the deed was recorded at that time is not a variance fatal to complainant's right to relief, but a mere failure to prove notice in one of the two ways in which it is alleged; and notwithstanding such failure complainant is entitled to relief, so far as this point is concerned, if he proves the possession which he alleges.

We do not doubt that he has proved such possession. Indeed it is not insisted that he has not except upon the ground that inasmuch as he went into possession a few days before the deed was executed he then must be held to hold during those days as the tenant of his grantor, so that, as there was no change in the possession at the moment the deed was executed, the possession would be notice of a tenancy only and not of the title complainant now sets up.   The presumption of a tenancy under the circumstances is far-fetched and unreasonable.   The only reasonable presumption is that complainant went in under a contract of purchase which was executed a few days afterwards by the delivery to him of a deed, and his possession will be referred to that contract so that notice of that possession was notice of the contract and of the deed immediately afterwards made.   And we concur with the chancellor that the Scheuers had notice of the title complainant now asserts when their judgment against complainant's grantor was

registered and when execution issued upon it, and cannot claim as *bona fide* purchasers against that title.

The deed by King to complainant was not void for uncertainty. It appears from its caption that it was executed in Barbour county, Alabama. It describes the land as the S. W. ¼ of Section 18, Township 8, Range 24. We take judicial cognizance that there is only one range 24 in this State, and that lies east of the St. Stephens meridian, and that only one township bisects said range, township 8, and that section 18 of this township and range is in Barbour county. The description may be aided, or located by showing, as is shown in this case, that King, the grantor, owned and sold to complainant the S. W. ½ of said section in said township and range, and so aided or located, the description becomes certain and definite.—*Chambers v. Ringstaff*, 69 Ala. 140, 145-6.

The bill seeks to enforce two equities. In the first place its purpose is to cancel and annul the sheriff's deed to the Scheuers so far as it relates to this land as a cloud on complainant's title; and the case in this respect was well averred and fully proved. In the second place it seeks to compel the Scheuers as assignees of the loan company's mortgage covering this and other lands of King, complainant's grantor, to exhaust that part of the land which is still owned by King and also that other part thereof which he conveyed to his brother after the conveyance of this land by him to complainant, in the order named, before resorting to this land for the satisfaction of the mortgage. The bill does not seek to compel the mortgagees to look only to the lands held by King and his brother for their satisfaction, nor to avoid ultimate liability of complainant's land in case the other parcels are not sufficient to pay the debt, but only to have the other parcels first sold and the proceeds applied to the mortgage indebtedness; and it confesses that this land is subject to the payment of any balance. The bill indeed prays that a decree be passed for the subjection of this land in the contingency just stated. On this state of case it was not necessary for the complainant to allege or prove that the other parcels of land are of sufficient value to satisfy the mortgage. It might well be that they are not, and yet the balance remaining

to be paid would be much less than the value of com-
plainant's land, so that he would have a substantial in-
terest even in such event in having the parcels of land
subjected in the order prayed in the bill.    Hence our
conclusion is that complainant's equity for a marshall-
ing of the securities is properly set forth in the bill; and
there is no question but that the averments of the bill in
this respect are supported by the evidence.

We are, however, of the opinion that the chancellor
erred in respect of the amount remaining due on the
mortgage indebtedness.   A careful consideration of the
evidence leads us to concur in the finding and report of
the register.in this regard; and we accordingly hold that
said balance was $374.08, including attorney's fees, as
found by the register, instead of the sum of $194.63 de-
creed by the chancellor.   The decree wlil be here cor-
rected accordingly, and as corrected it will be affirmed.
The appellants will pay the costs of the appeal in this
court and appellee will pay the costs of the appeal in
the chancery court.

Corrected and affirmed.                       . .