# Woods *v.* Rose & Co.

## *Action of Trover.*

1. *Trover; what necessary to constitute conversion.*—The wrongful assumption or dominion over property of another in subversion and denial of his rights, constitutes a conversion of such property, irrespective of whether there was a demand made for the surrender and a refusal to surrender said property.

2. *Same; same; case at bar.*—Where cotton, upon which there was a mortgage, is sold by the mortgagor to a third person, who pays the mortgagor the purchase price thereof, such sale implies a delivery of the cotton to the purchaser, and such purchase, payment for and taking possession of the cotton by the purchaser, imports the assumption of dominion over it by the purchaser in his own right and in subversion of the rights of the mortgagee, and is sufficient proof of conversion to maintain an action of trover.

3. *Mortgage of crop; sufficient description thereof.*—A mortgage of "all my crops of corn, cotton," etc., is not void for indefiniteness and uncertainty, and the descriptive words may

be made definite and certain by parol evidence showing that the parties had reference to the crop to be raised by the mortgagor on a plantation he was then cultivating in the county where the mortgage was made.

4. *Registration as constructive notice; liability of purchaser to mortgagee.*—A mortgage of crops not yet planted, if duly recorded in the county in which the land upon which the crops are to be raised is situated, is constructive notice to the purchaser of a part of said crops after they have been gathered; and such purchaser is liable to the mortgagee in trover for the wrongful conversion of the portion of the crops purchased by him.

5 *Action of trover; when general affirmative charge properly given.* In an action of trover, where the plaintiff claims under a mortgage and the defendant pleads payment of said mortgage debt, and the evidence on the issue of payment was conflicting, it is error for the court to give the general affirmative charge requested by the defendant.

APPEAL from the Circuit Court of Fayette.

Tried before the Hon. S. H. SPROTT.

This was an action of trover against the appellees, E. Rose & Company, to recover damages for the alleged conversion of two bales of cotton, alleged to have been sold to the defendants, E. R. Rose & Co., by J. H. Sexton.

The plaintiff claimed title to the cotton in question under a mortgage given to him on January 9, 1901, by J. H. Sexton on all his crop of cotton raised by him during the year 1901, and it was shown that the cotton in question was raised by J. H. Sexton during the year 1901 and sold to the defendants on October 17, 1901. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court, at the request of the defendants, gave to the jury the following written charge: "If the jury believe the evidence in this case, they will find for the defendants." To the giving of this charge the plaintiff duly excepted.

There were verdict and judgment for the defendants. The plaintiff appeals, and assigns as error the several

rulings of the trial court to which exceptions were reserved.

DANIEL COLLIER and WILLIAM L. HARRIS, for appellant.—In order to maintain an action of trover, it was not necessary that the plaintiff should make demand of the defendant for the property sued for, before suit was brought. The sale of the cotton by the mortgagor and purchase of it by the defendants constituted a conversion.—*Brown v. Beason,* 24 Ala. 467; *Hass v. Taylor,* 80 Ala. 466; *Ensley L. Co. v. Lewis,* 121 Ala. 99; *Boutwell v. Parker,* 124 Ala. 343; *Freeman v. Scurlock,* 27 Ala. 412; *Thweatt v. Stamps,* 67 Ala. 96; *Bolling v. Kirby,* 90 Ala. 215; *Henderson v. Foy,* 96 Ala. 206.

The mortgage of an unplanted crop is not void for uncertainty and indefiniteness, since any uncertainty in the description of the property can be removed by parol evidence.—*Smith v. Fields,* 79 Ala. 336; *Reese v. Coats,* 65 Ala. 256; *Ellis v. Martin,* 60 Ala. 394; *Truss v. Harvey,* 120 Ala. 639.

The registration of the mortgage of an unplanted crop was constructive notice of the claim of the mortgagor as against the purchaser of said crop.—*Brandon Printing Co. v. Bostick,* 126 Ala. 252; *Smith v. Field,* 79 Ala. 336.

ROBERT F. PETERS, *contra.*—There was no evidence introduced showing a conversion by the defendant of the cotton involved in the controversy, since there was no evidence of a delivery of the cotton or the transfer of the warehouse receipts therefor, or that the defendants ever assumed any dominion or control over said cotton. *Glaze v. McMillion,* 7 Port. 279; *Strauss v. Schwab,* 104 Ala. 672; *Karter v. Fields,* 121 Ala. 329; *King v. Franklin,* 132 Ala. 559; 31 So. Rep. 467; *Davis v. Hurt,* 114 Ala. 130; *Conner v. Allen,* 33 Ala. 516; *Bolling v. Kirby,* 90 Ala. 215; 2 Greenleaf on Evidence, § 642.

A demand for the property and the refusal of the defendants was necessary to entitle the plaintiff to recover in an action of trover.—*Strauss v. Schwab,* 104 Ala. 672; *Moore v. Monroe Ref. Co.,* 128 Ala. 621; 30 So. Rep.

447; *Powell v. Thompson,* 80 Ala. 51; *Railroad Co. v. Greenwood,* 99 Ala. 501.

McCLELLAN, C. J.—The witness Sexton testified that "on or about the 17th day of October, 1901, he carried two bales of the cotton he had raised on said land [a place situate in Fayette county and belonging to the witness] to Fayette, Ala.; and on that day sold the said two bales of cotton to the defendant, E. Rose, for the sum of eighty-two and 80-100 dollars, and that the cotton was worth that sum in the markets at that time." A sale implies, and this testimony of Sexton imports, a delivery of the property to the purchaser. Such purchase, payment for and taking possession of the cotton by Rose—all presumptively for his own benefit and behoof—import, or, at least, are facts authorizing the jury to find the assumption of dominion over the property by the purchaser in his own right and subversion of the rights others might have in it. If Woods, the plaintiff, had a valid mortgage on this cotton and Rose had actual or constructive notice of it, this assumption of dominion over it by Rose was wrongful, and, in and of itself, amounted to and was a conversion of Woods' property. The conversion was consummate and complete whether Rose ever disposed of the property or not, and without demand upon him and refusal by him to surrender the property.—*Bolling v. Kirby,* 90 Ala. 215, s. c. 24 Am. St. Rep. 789, and notes, 795 *et seq.; Moore v. Monroe Refrigerator Co.,* 128 Ala. 621; *Boutwell v. Parker,* 124 Ala. 341.

Did Woods have a valid mortgage on this cotton? The mortgage on which he rests his claim of title was executed January 9th, 1901. It in terms conveys cotton to be grown that year. This cotton was grown that year. The Code provides: "A mortgage of unplanted crops of agricultural products, executed on or after the 1st day of January of the year in which such crops are grown, conveys the legal title thereto in all respects as if such crops were already planted."—Code, § 1064. The mortgage was, therefore, a valid conveyance of the legal title into Woods, if its description of the property is

sufficiently definite. The instrument was executed by
Sexton. The proof was that he owned a tract of land
in Fayette county, in which the mortgage was executed,
throughout the year 1901, and that this cotton was
grown by him on that land that year. The description
of the property is this: "All my crops of corn, cotton
and all other produce I may raise or cause to be raised,
or that may accrue to me in any legal manner, during
the year 1901." We need only support our conclusion,
that this description, when taken in connection with
the facts just adverted to, is sufficiently definite, by an
excerpt from a decision of this court: "Generality and
indefiniteness in the description of the property are not
sufficient to avoid a mortgage. There must be uncer-
tainty, which remains after the mortgage has been in-
terpreted in the light of the attendant circumstances,
the clear intent of the parties being regarded. It must
be conceded that the description—'my entire crop of
cotton and corn'—is very general and indefinite; but it
is capable of being made reasonably certain, without
violating any rule of evidence. The mortgage was
executed March 8th, 1884, to secure an obligation of the
same date, which was given in consideration of a mare
and goods purchased, and supplies to be furnished, and
payable October 1, 1884. Evidence, in connection with
these circumstances, that the mortgagor, at the time of
its execution, owned a farm in Blount county, and of
the quantity of crops grown thereon, reasonably re-
moves the uncertainty, and manifests the intent of the
parties that the mortgage should cover the entire crop
of cotton and corn raised by the mortgagor on his farm
during the year 1884.—*Connally v. Spragins,* 66 Ala.
258; *Ellis v. Martin,* 60 Ala. 394; *Varnum v. State,* 78
Ala. 28."—*Smith v. Fields,* 79 Ala. 335, 337.

This mortgage to Woods was duly recorded in the
office of the judge of probate of Fayette county on Jan-
uary 15th, 1901. The efficacy of the recordation of such
a mortgage, with such a description of the property to
import notice to purchasers of cotton from the mort-
gagor that the property is covered by the mortgage,
when such is the fact, is also determined and declared
in *Smith v. Fields, supra,* as follows: "When the mort-

gage is on an unplanted crop, any person who converts it to his own use after it is gathered, with actual or constructive notice of the lien, is liable to the mortgagee in an action on the case.—*Recs v. Coats,* 65 Ala. 256. The description of the property in the mortgage, though general, is sufficient to put on inquiry; and the defendant, purchasing from the mortgagor, was bound to ascertain whether the cotton he purchased was the same conveyed by the mortgage. Registration of such mortgage in the proper office is constructive notice."

Here there was shown in the case—assuming that the mortgage debt had not been paid—facts upon which the jury was authorized to find a conversion by Rose of cotton to which Woods had title under his mortgage of which title Rose had notice. The evidence on the issue of payment of the mortgage debt was conflicting. So that upon no issue in the case was the defendant entitled to the general charge which the court gave at his request.

We need not discuss the other assignments of error, as what we have said will suffice for the guidance of the circuit court on another trial.

Reversed and remanded.