(124 So. 863)

## STEWART v. CLEMENS. (8 Div. 121.)

Supreme Court of Alabama. Nov. 29, 1929.

Sample & Kilpatrick and J. Marvin Kelley, all of Hartselle, for appellant.

Almon & Almon, of Decatur, for appellee.

BROWN, J. Action of detinue by appellant against appellee to recover the possession of "two bay mare mules, ten or twelve years old, and being the T. C. Montgomery mules, or mules gotten by said defendant from said T. C. Montgomery," with the value of the hire and use thereof.

The plaintiff claims title to the property and the right to immediate possession under a mortgage note alleged to have been executed by T. C. Montgomery on May 20, 1925, to secure an indebtedness of $85 contracted in the purchase of a No. 32 Oliver riding cultivator and attachments. The defendant claims through purchase from Montgomery.

In addition to the general issue, the defendant filed special pleas 3 and 4.

The substance of plea 3 is that plaintiff claims title to the property sued for under an "alleged mortgage given by T. C. Montgomery, and he says that after the said Montgomery signed said paper it was materially altered, without the knowledge or consent of said T. C. Montgomery, in that a subscribing witness added his name on said paper as a subscribing witness, in the absence of and without the consent of said Montgomery. Said alleged mortgage as it now appears was not executed by said Montgomery. Defendant purchased said mules for value from said T. C. Montgomery, without any knowledge of said alleged mortgage."

Plea 4 avers, in substance, that said Montgomery at the time of the execution of said mortgage only agreed to give a mortgage on a cultivator and one mule, and the plaintiff agreed to accept a mortgage on said property for the security of the debt therein recited; that plaintiff then and there wrote or filled out the mortgage and stated to Montgomery that it was filled out as they had agreed; that Montgomery did not read said mortgage, and did not know that it contained other property than that agreed to be mortgaged, and he relied on the statement of plaintiff that it was as agreed, and signed said mortgage; that defendant purchased the mules from Montgomery in good faith, for value, and without knowledge that plaintiff had a claim on them.

■ The demurrers interposed to these pleas were overruled, and this ruling of the trial court is made the basis of the first three assignments of error. The only statement in brief in respect to these assignments is that "by assignments of error one, two and three, appellant insists that the court erred in overruling plaintiff's demurrers to defendant's pleas three and four."

This, under the uniform rulings of this court, does not rise to the dignity of an insistence upon these assignments, and they will be treated as waived. Hodge v. Rambo, 155 Ala. 175, 45 So. 678; Western Ry. of Ala. v. Russell, Adm'r, 144 Ala. 142, 39 So. 311, 113 Am. St. Rep. 24; Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 69 So. 604; Whitaker v. Hofmayer Dry Goods Co., 211 Ala. 160, 99 So. 911.

■ However, the defenses asserted in these pleas are not of controlling importance on this appeal, unless it can be said that one or both were sustained by the uncontradicted evidence. This conclusion is not warranted, as the evidence in respect to these issues was in conflict, presenting questions for jury decision.

■ We do not wish to be understood as holding that the mere addition to a chattel mortgage of the name of a subscribing witness, where the mortgagor is able to write and subscribe his own name—does not sign by mark—is a material alteration of the instrument that will avoid it. In such case attestation is not essential. Code of 1923, § 8033.

■ The result was cast on the trial by the holding of the court that the description of the property covered by the mortgage, in so far as the property in controversy is concerned, was too indefinite to warrant a recovery against the defendant, and, at his request in writing, he had the affirmative charge.

The language of plaintiff's mortgage in so far as it undertakes to describe the mortgaged property is, "all my, *or our* live stock and personal property of every kind now in my, *or our possession,* and owned by me *or us,* and all live stock and personal property hereafter acquired, including horses, mules, colts, cows, yearlings, hogs, wagons, buggies, farming implements and household goods and also my *or our* entire crop of cotton and other produce that I *or we,* my *or our* families, may produce, or cause to be produced, including all rents, in the present year; also the crops raised each successive year until this debt is paid in full; also the following described property, to-wit: One Oliver #32 riding cultivator complete, with side harrow attachment, today bought of J. F. Stewart, also one black horse mule about 9 years old, named John," etc. (Italics supplied.)

The property specifically described above is not involved in this litigation, and, so far as the blanket description relates to after-acquired property, it is without efficacy to confer right or title that would authorize plaintiff to recover in this action. Its only effect is its tendency to confuse and render

more uncertain, especially as to third persons, that part of the description supposed to cover the mules in controversy—"all of my or our live stock and personal property of every kind now in my or our possession and owned by me or us." (Italics supplied.)

■ Our decisions, which are in accord with the great weight of judicial opinion, have been very liberal in allowing parol testimony to identify and make certain indefinite descriptions of property in chattel mortgages, and especially so where the mortgage was on crops to be grown in the future on land in which the mortgagor, at the time of the execution of the mortgage, had a present interest. Smith v. Fields, 79 Ala. 335; Ellis v. Martin, 60 Ala. 394; Avondale Mills v. Abbott Bros., 214 Ala. 368, 108 So. 31.

In such cases the law is settled that mere generality or indefiniteness in the description of the property are not sufficient to avoid a mortgage. There must be uncertainty, which remains after the mortgage has been interpreted in the light of the attendant circumstances; the clear intent of the parties being regarded. Smith v. Fields, supra; Woods v. Rose & Co., 135 Ala. 297, 33 So. 41.

Still it has been held that a mortgage of "my entire crop of every description" is too indefinite to be enforced. Rountree v. Britt, 94 N. C. 104; Pingrey on Chat. Mtgs. § 154. On the other hand, when the property was described as "my entire crop of cotton and corn," when aided by evidence showing that the mortgagor at the time of the execution of the mortgage owned a farm in Blount county and of the quantity of crops grown therein, during the year the mortgage was given, the uncertainty was "reasonably removed," showing the intention of the parties that the mortgage should cover the entire crop of cotton and corn raised by the mortgagor on his farm during the year the mortgage was given. Smith v. Fields, supra.

Justification for this liberal rule allowing parol proof to aid a general and meager description in a crop mortgage, though neither the situs of the property nor the residence of the mortgagor is stated, is in a measure found in the fact that such property is not susceptible of any other but a general description, and, of necessity, during the period of its development and growth, it has a fixed and permanent situs. It must be the product of lands in which the mortgagor has a present interest when the mortgage was given. Avondale Mills v. Abbott Bros., 214 Ala. 368, 108 So. 31; Paden & Co. v. Bellenger & Ralls, 87 Ala. 575, 6 So. 351; Hall v. Glass, 123 Cal. 500, 56 P. 336, 69 Am. St. Rep. 77; Duke v. Neisler & Newsom, 134 Ga. 594, 68 S. E. 327, 137 Am. St. Rep. 250; 11 C. J. 468, § 96.

■ But as to movable chattels that may be easily described with particularity, the general rule sustained by the great weight of authority is that a mortgage which neither sufficiently describes the property nor states where it is situated, nor gives the place, county, or state where the mortgagor resides, is insufficient. Golden v. Cockrill, 1 Kan. 259, 81 Am. Dec. 510, and note; Parsons Savings Bank v. Sargent, 20 Kan. 580; Tootle, Homa & Co. v. Lyster, 26 Kan. 597; Tindall, Adm'r, v. Wasson, 74 Ind. 500; 5 R. C. L. 422, §§ 53, 56; 11 C. J. 465, § 89.

The importance of requiring the mortgage under such circumstances to state the location of the property was recognized in Hurt v. Redd & Co., 64 Ala. 85, where it was observed: "The mortgage is of 'fourteen mules, now' (at the time or date of executing the mortgage) 'on my' (the mortgagor's) 'plantation in Russell county, Alabama.' It was sufficiently specific and certain. The number of the mules is stated, and the place at which they would be found. Parol evidence that the mortgagor had but one plantation in Russell County, and had there only fourteen mules, rendered the property, on which the mortgage was to operate, definite and certain, capable of positive identification." And, in Jones on Chattel Mortgages, § 54a, "a description which without stating the location of the property, would be regarded as too indefinite and uncertain, may be rendered sufficiently definite and certain by making the mortgage itself indicate where the property may be found on inquiry."

■ But where a mortgage designed to cover specific chattels does not describe any particular property or furnish data which will direct the attention of those reading it "to some source of information beyond the words of the parties to it," its recordation is not constructive notice to third persons, and parol evidence is not admissible to aid the description so as to charge them with notice. Wood et al. v. West Pratt Coal Co., 146 Ala. 479, 40 So. 959; Stewart v. Jaques, 77 Ga. 365, 3 S. E. 283, 4 Am. St. Rep. 86, and note; 5 R. C. L. 429, § 62; Barrett v. Fisch, 76 Iowa, 553, 41 N. W. 310, 14 Am. St. Rep. 238, and note; Jones on Chat. Mtgs. §§ 54a, 55; Pingrey on Chat. Mtgs. § 142.

In Hammond v. Cabaniss et al., 213 Ala. 221, 104 So. 320, the controversy was between the immediate parties to the mortgage, and the location of the property and the number of animals were given. In Stickney v. Dunaway & Lambert, 169 Ala. 466, 53 So. 770, data was given in the description, "1 sorrel mule colt, Traveler." In Hurt v. Redd & Co., supra, the number of animals, their kind, and their location was stated, data suggesting and requiring inquiry.

The other cases cited by appellant involved crops to be planted, and are differentiated in the first part of the opinion.

The description of the property in the case at bar is a mere net or catch-all, indefinite in

its statement as to ownership, does not show the location of the property, nor the residence of the mortgagor. It is not limited to property owned by the mortgagor at the time, but it refers to the property of others, as well as that to be after acquired, and as to third persons is too indefinite to be aided by parol testimony, or charge such third persons with notice.

We are therefore of opinion that the affirmative charge was given without error.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.