147 So. 597

**KELLEY v. CASSELS.**

**7 Div. 177.**

Supreme Court of Alabama.

April 13, 1933.

E. G. Pilcher and Victor Vance, both of Gadsden, for appellant.

Frank J. Martin, of Gadsden, for appellee.

412

FOSTER, Justice.

■ This case was tried on a single count in trover for the conversion of two bales of cotton. To such a count the general issue is ordinarily sufficient to justify evidence of any available defense except a release. Bryan v. Day, 225 Ala. 687, 145 So. 150; Sullivan v. Miller, 224 Ala. 395, 140 So. 606.

■ "Marshaling of securities is not ordinarily enforceable in proceedings in a court of law, except in those cases where an equitable defense is permitted by law" (38 Corpus Juris, 1380, § 25), for the rule without statute is said to obtain at law only to such qualified extent. Nelson v. Dunn, 15 Ala. 501.

■ But trover is an equitable action and lets in equitable defenses, unless the defendant has obtained the property tortiously. Folmar v. Copeland, 57 Ala. 588; East v. Pace, 57 Ala. 521.

■■ By section 8938, Code, the mortgagee must resort to property of the mortgagor which the latter has not transferred since his mortgage was executed on the written demand of a subordinate claimant of other property in the mortgage, if he can do so without risk of loss. When the elements of this statute are presented, it is doubtless available in defense of trover. The equitable right exists without the aid of the statute. Turner v. Flinn, 67 Ala. 529; Howser v. Cruikshank, 122 Ala. 256, 25 So. 206, 82 Am. St. Rep. 76; Prickett v. Sibert, 75 Ala. 315; Dacus v. Streety, 59 Ala. 183; Scheuer v. Kelly, 121 Ala. 323, 26 So. 4.

■ Another principle is that the prior mortgagee owes the duty to the subsequent mortgagee of a part of the property on which he holds a first mortgage, good faith in the enforcement of his mortgage, and, if by fraud or gross negligence he permits a part of the mortgaged property to be destroyed, lost, or removed beyond their reach, and left a smaller residuum for the second mortgage, equity and good conscience require that he should make good the loss. Shields v. Kimbrough,

64 Ala. 504, 508; Holman v. Bank of Norfolk, 12 Ala. 369, 426. This rule of duty should apply to a subsequent purchaser for value of some of the property on the same principle which exists in respect to a subsequent mortgage. But there is no such duty to the subsequent mortgagee or purchaser until the prior claimant has notice of the rights of such subordinate; and constructive notice arising from the record is not sufficient. 3 Jones on Mortgages (8th Ed.) § 2093 (1629); New England Mortgage Sec. Co. v. Fry, 143 Ala. 637, 42 So. 57, 111 Am. St. Rep. 62.

We have noted that the statute requires written demand by the subordinate. Equity is not dependent upon such demand.

■ We think that a defense of this sort is not in the nature of a denial of the conversion, which implies a wrong to plaintiff (Barrett v. City of Mobile, 129 Ala. 179, 186, 30 So. 36, 87 Am. St. Rep. 54), but rather that of a release resulting from the conduct of plaintiff; that it should therefore be specially pleaded as was done in this case. But plea No. 3, which attempts such defense, does not allege that plaintiff had notice of defendant's claim, nor a demand in writing under the statute. Without such notice, plaintiff owed no duty to defendant in connection with the matter so averred. The demurrer to plea 3 was therefore properly sustained.

Pleas 4 and 5 seem to be an effort to present the same sort of defense, but they are insufficient to do so, since they do not aver the facts on which the claim is based so as to come within the rule.

■ It is sufficient to say in respect to plea 2 that the contention is only by way of mitigation of damages, and such evidence is admissible under the general issue. 38 Cyc. 2103; East v. Pace, 57 Ala. 521; Carpenter v. Going, 20 Ala. 587; 26 R. C. L. 1156, note 14; Stephenson v. Wright, 111 Ala. 579, 20 So. 622.

■ Plaintiff based his claim on a chattel mortgage, which was not witnessed, and, since the mortgagor wrote his own name, it was not necessary that there be a witness. Sims v. United Auto Supply Co., 221 Ala. 383, 129 So. 53; Stewart v. Clemens, 220 Ala. 224, 124 So. 863, 66 A. L. R. 1454. And, as it was not witnessed, the mortgagee, or any other person, who had knowledge of the facts, could testify to its execution. Norton v. Allaire-Woodward Co., 185 Ala. 344, 64 So. 609; Leftkovitz v. First Nat. Bank, 152 Ala. 521 (16), 44 So. 613, 617.

■ The mortgage was not void for uncertainty in the description, though it was indefinite and required supporting proof. Smith v. Fields, 79 Ala. 335; Stewart v. Clemens, 220 Ala. 224, 124 So. 863, 66 A. L.

R. 1454; Dutton v. Gibson, 222 Ala. 191, 131 So. 567.

It was also necessary for the mortgagee to show that at the time the mortgage was given the mortgagor had acquired the right to cultivate the land on which the cotton was grown. Sims v. United Auto Supply Co., supra. Such evidence was all supplied in this case. There was therefore no reversible error in overruling objection to the mortgage.

We do not think the third assignment of error is well taken. There is no duty on the part of a prior mortgagee to exercise any diligence in locating other property than that claimed by defendant. We have herein undertaken to set out the principles which govern in this respect. Neither the pleas, nor this question (third assignment), were sufficient to invoke such defense.

We do not think there was error in giving the affirmative charge for plaintiff, properly hypothesized. The evidence showed that on April 3, 1929, one Hyde executed a mortgage to plaintiff on his entire crop of cotton for the year 1929; it was duly recorded; that in the fall of 1928, Hyde rented the land for 1929, on which he made a crop of cotton in 1929, and on none other that year; that defendant, in September, 1929, bought the two bales of cotton for which the damages are claimed, and that they were raised by Hyde that year on that land. Their value was shown. Nothing was lacking to entitle plaintiff to such charge.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.